IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CR-00038-RJC-SCR

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DANA BILL DENENA | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon the defendant's Motion to Strike Untimely Response, (Doc. No. 22), and the government's Motion to File Untimely Response pursuant to Rule 45(b)(1)(B) of the Federal Rules of Criminal Procedure, (Doc. No. 23).

The defendant filed a Motion to Suppress on July 1, 2024, (Doc. No. 17), the response to which was due seven days later, Local Criminal Rule 47.1(e). On July 19, the Court sua sponte continued the trial from the August term to the October term based on the need to conduct a hearing on the pending motion. (Doc. No. 18). The government filed its Response on July 29. (Doc. No. 21). The defendant filed the instant Motion to Strike on August 2, (Doc. No. 22), and the government filed the instant Motion to File on August 9, (Doc. No. 23).

Rule 45(b)(1)(B) allows a court to extend an expired deadline when a party failed to act because of excusable neglect. In Pioneer Inv. Serv's Co. v. Brunswick Assoc's L.P., the Supreme Court described the determination of excusable neglect as equitable, taking account of all relevant circumstances surrounding a party's omission, including: (1) the danger of prejudice to the opposing party; (2) the length

of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. 507 U.S. 380, 395 (1993). Here, the government submits that its response was untimely because of medical leave during the response time, inexperience in seeking leave for late filing nunc pro tunc, and the complexity of issues raised in the Motion to Suppress. (Doc. No. 23: Motion to File at 2-3). The defendant has not alleged prejudice from the late filing, which has not delayed proceedings in this matter. The government acted in good faith upon learning of the pending motion, considering the lack of experience in seeking leave for a late filing. Accordingly, the Court finds good cause to extend the deadline based on excusable neglect.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Strike, (Doc. No. 22), is **DENIED**.

**IT IS FURTHER ORDERED** that the government's Motion to File, (Doc. No. 23), is **GRANTED**, and the deadline for filing the Response to the Motion to Suppress is extended until July 29, 2024, nunc pro tunc.

The Clerk is directed to certify copies of this Order to the Federal Public Defender and the United States Attorney.

Signed: August 22, 2024

Robert J. Conrad, Jr.
United States District Judge